UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL STOUT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-09-67 |
| | § | |
| RICK THALER; aka QUARTERMAN, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Michael Stout, (TDCJ # 633416) an inmate in custody of the Texas Department of Criminal Justice-Correctional Institutions Division, proceeding *pro se* and *in forma pauperis,* brings this suit pursuant to 42 U.S.C. § 1983 against "TDCJ John and Jane Does." Based on a careful review of the complaint, the motions, the responses and the applicable law, and taking into account the fact that Stout is representing himself, this court will dismiss this case without prejudice for the reasons explained below.

**I.     BACKGROUND**

Stout complains that he was assaulted in the recreation yard at the Darrington Unit on June 20, 2008, by members of the Tango Blast prison gang. The recreation tower guard, whose sole purpose is to monitor the recreation yard, failed to stop the attack and did not call for back-up help. Plaintiff was hospitalized with serious injuries to his head and jaw. He alleges that he has a history of being threatened and attacked by Tango Blast gang members at other TDCJ prison units, and was often transferred between TDCJ units for protection. Stout claims that prison officials at the Darrington Unit were aware that the Tango Blast gang had a "hit" out on him, but refused to take reasonable action to protect him on June 20, 2008.

In his complaint and amended complaint, Stout named numerous John Does as defendants, with special reference to the recreation tower guard who allegedly failed to protect him. Stout also listed every prison and TDCJ official that he could think of, but did not state how any of these individuals were personally responsible for the harm he allegedly suffered.

The Texas Attorney General was ordered to file an answer to plaintiff's claims on behalf of the Texas Department of Criminal Justice and John and Jane Does. (Doc. # 8). In response to the Court's order, defendants filed an *amicus curiae* reply and motion to seal (Doc. # 9). In the advisory, the assistant attorney general requested that Nathaniel Quarterman (Rick Thaler)[1] be ordered to answer on behalf of TDCJ-CID. The assistant attorney general also disclosed the name of the tower guard on duty on the date made the basis of this suit - Ms. Alethea North-Williams. The assistant attorney general informed the court that Ms. Williams was no longer employed by TDCJ-CID and also filed, under seal, her last known address, which was a post-office box number. The Court attempted service of process upon Ms. Williams at this address, but Ms. Williams never claimed the document; therefore, service was not effected. On February 24, 2010, plaintiff was ordered to respond to a more definite statement by identifying, if possible, a physical address for Ms. Williams. Plaintiff was unable to provide an address.

On December 8, 2009, Respondent's motion to dismiss all claims against Defendant Thaler was granted by order of this court. To date, plaintiff has been unable to provide an address at which the only other viable defendant, Alethea North-Williams, may be served with process. Because plaintiff is proceeding *pro se*, he is not responsible for serving the defendant with process; however, he is responsible for providing an address which the United States

---

[1] Rick Thaler has replaced Nathaniel Quarterman as Executive Director of the Correctional Institutional Division of the Texas Department of Criminal Justice. Pursuant to F. R. CIV. P. 25(d), Rick Thaler, in his official capacity, was substituted for Nathaniel Quarterman as the proper party to this suit.

Marshal can use to serve defendant Williams with process. As no such address has been provided by plaintiff, the claim against defendant Williams must be dismissed.

## II.     CONCLUSION

For the foregoing reasons, it is hereby ORDERED that this case is DISMISSED without prejudice.

It is further ORDERED that all pending motions are DENIED as moot.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 30th day of March, 2010.

_____
Kenneth M. Hoyt
United States District Judge