UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MICHAEL STOUT, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. G-09-67 |
| § | |
| RICK THALER; aka QUARTERMAN, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Michael Stout (TDCJ # 1282657), an inmate in custody of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) at the Ramsey Unit, has filed a complaint under 42 U.S.C. § 1983, alleging that prison officials failed to protect his safety. Stout sues the following TDCJ employees: Correctional Officers Stacey LeBlanc and Alethea North-Williams. The defendants have moved for summary judgment (Doc. No. 86 - Williams) and (Doc. No. 98 - LeBlanc). Stout has filed a response. (Doc. No. 102). Based on a review of the pleadings, the motion, the summary judgment record and the applicable law, the Court grants the defendants' motions for summary judgment. The reasons for this ruling are stated below.

**I.     Background and Claims**

Stout alleges that on June 20, 2008, he was assaulted in the recreation yard at the Darrington Unit by gang members. In his complaint (Doc. No. 1), he claims that correctional officers and the recreation yard tower-guard did nothing to stop the assault. He also claims that officials were deliberately indifferent to his safety in failing to take steps to prevent the incident.

In their motions for summary judgment, defendants assert, *inter alia*, that Stout failed to exhaust his administrative remedies prior to filing suit.

1

## II. The Motion for Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.* 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' - that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

## III. Exhaustion of Administrative Remedies

### A. The Legal Standard

Under 42 U.S.C. § 1997e, a prisoner may not file a suit under § 1983 unless available administrative remedies are exhausted. 42 U.S.C. § 1997e(a)(Supp. 1996). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings, such as money damages. *See Booth v. Churner*, 532 U.S. 731, 740-41 (2001). The Supreme Court has clarified that a prisoner complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The Fifth Circuit has also taken a strict approach to the exhaustion requirement, *see Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), and mandates that a prisoner exhaust his administrative remedies by complying with applicable

grievance procedures before filing a federal civil rights lawsuit related to prison conditions. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). If a prisoner fails to exhaust his administrative remedies before filing suit without a valid excuse, the court may dismiss the action without prejudice to its refiling after the prisoner exhausts his administrative remedies. *See Wendell v. Asher*, 162 F.3d 887, 890-92 (5th Cir. 1998);[1] *Gordon v. Pettiford*, 271 Fed. App'x 464 (5th Cir. 2008) (per curiam). When exhaustion is precluded because the deadlines for the administrative remedies have passed, the action is properly dismissed with prejudice. *Johnson v. La. ex rel. La. Dep't of Pub. Safety & Corr.,* 468 F.3d 278, 278-81 (5th Cir. 2006) (per curiam).

TDCJ has a formal, two-step administrative grievance process. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). A Step 1 grievance, which is reviewed by officials at the inmate's assigned facility, must be filed within fifteen days of the alleged incident or challenged event. *See Johnson*, 385 F.3d at 515. Once an inmate receives a response to his Step 1 grievance, he then has up to ten days to file a Step 2 grievance to appeal an unfavorable result. *See id.* Step 2 grievances are reviewed at the state level. *See id*. A Texas prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement. *See id*. (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

---

[1] Although *Wendell* was partially overruled by *Jones v. Bock*, 549 U.S. 199 (2007), *see Richbourg v. Horton*, No. 08-10443, 2008 WL 5068680, at 1 (5th Cir. Dec. 2, 2008) (*per curiam*), the proposition for which it is cited remains good law.

**B.     Relevant Summary Judgment Evidence**

Failure to exhaust is an affirmative defense that must be raised by the defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007). In so doing, the defendants have provided as summary judgment evidence the affidavit of Sandra K. Murphy, Administrator and Custodian of Offender Grievances for the TDCJ.[2] Ms. Murphy states that pursuant to TDCJ Administrative Directive 03.82, enacted on September 1, 1999, a grievance may be returned to an offender unprocessed if the offender does not follow the guidelines for filing grievances. Her review of grievances filed by Stout between June 2008 and April 2009 reveals that four Step 1 grievances were returned to him unprocessed.

A review of Stout's grievances contained in Exhibit A of the summary judgment motion (Doc. No. 86) reveals that Stout did not file a Step 1 grievance related to the June 20, 2008 incident until August 26, 2008. Despite being filed well beyond the deadline for submission, the Step 1 grievance was accepted and processed, investigated, responded to and returned to Stout. Stout failed, however, to file a Step 2 grievance, opting instead to wait four more months to file four additional Step 1 grievances, all of which were returned to him unprocessed as untimely filed.

In his response to the defendants affirmative defense regarding exhaustion, Stout claims that he did exhaust administrative remedies but was unable to obtain and produce evidence of such because of the protective order imposed by the Court. This excuse is not compelling. Not only is the argument controverted by competent summary judgment evidence, the protective order to which Stout refers (Doc. No. 92) clearly states that its entry was to prevent further discovery until the defendants' entitlement to qualified immunity was determined. The

---

[2] Exhibit A

protective order certainly presented no obstacle to Stout requesting copies of his grievances from the prison or to sending his own grievance copies to the Court in support of his claims or in response to the defendants' summary judgment motions. Given the vast amount of paper filed by Stout in this cause, it is particularly difficult to imagine that he would be unable to produce the document if it existed.

The Fifth Circuit has recognized that the exhaustion requirement may, in rare circumstances, be excused where dismissal would be inefficient or would not further the purposes of the PLRA. *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (per curiam), *overruled by implication on other grounds by Jones v. Bock,* 549 U.S. 199, 213 (2007) (citing *McCarthy v. Madigan*, 503 U.S. 140, 146-49 (1992)). For example, exhaustion may be excused where irregularities in the prison administrative system itself prohibited the plaintiff from doing so. *Id.*; *accord Shah v. Quinlin*, 901 F.2d 1241, 1244 (5th Cir. 1990). An administrative remedy is not available where prison officials ignore or interfere with the prisoner's pursuit of relief. *Underwood*, 151 F.3d at 296; *accord Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982). Stout has not cited any extraordinary circumstances, and a review of the record does not reveal any. To the contrary, Stout was afforded an extension of time in which to pursue his administrative remedies and the summary judgment evidence reveals that he failed to follow through.

Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an institution's procedural rules. *See Woodford*, 548 U.S. at 89. By failing to complete the grievance procedure in place at TDCJ, Stout bypassed available administrative remedies, thus violating the PLRA's exhaustion requirement found in § 1997e(a), which mandates exhaustion *before* filing suit. *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th

Cir. 1998) (affirming the dismissal even under circumstances that would seem "inefficient"). This suit must therefore be dismissed for failure to exhaust administrative remedies.

## IV.   CONCLUSION

Based on the foregoing, the defendants' motions for summary judgment (Doc. Nos. 86 & 98) are **GRANTED** and this action is **DISMISSED** with prejudice for failure to exhaust administrative remedies.

All pending motions are **DENIED** as moot.

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas this 20th day of May, 2011.

_____
Kenneth M. Hoyt
United States District Judge